IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TONY GLEN MARK,                    )
                                   )
            Plaintiff,             )
                                   )
v.                                 )        Case No. CIV-11-426-M
                                   )
DR. MIKE JACKSON, M.D., *et al.*,  )
                                   )
            Defendants.            )

## REPORT AND RECOMMENDATION:
## MOTIONS FOR A TEMPORARY RESTRAINING
## ORDER AND PRELIMINARY INJUNCTION

In the complaint, Mr. Tony Mark alleged:

- violations relating to a denial of medical treatment and

- deficiencies in the prison policy related to the medical management of inmates with Hepatitis C.

After Mr. Mark submitted the complaint, he filed two motions for a temporary restraining order and preliminary injunction.  Docs. 59, 62.  The Court should deny the two motions.

In the motions, Mr. Mark alleged that in retaliation for filing the lawsuit, the Defendants:

- transferred him to a facility where he cannot obtain interferon/ribovirin treatment for his Hepatitis C,

- ordered the transfer to separate him from the inmate legal advisor who had helped him to prepare the lawsuit,

- disallowed medication for six days, which caused extreme pain and suffering,

- prevented visitation with his sister,

- "yelled" and "threatened" him,

- improperly assigned him to work in the kitchen, and

- required him to work on the Jewish Sabbath.

*Id.* For the alleged retaliation, Mr. Mark requested a temporary restraining order to compel the Defendants to:

- "cease and desist from retaliation against him" and

- terminate his work assignment in the kitchen.

*Id.*

A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction.[1]

Indeed, even if the Court were to order a restraining order or preliminary injunction, the Defendants would be unable to address the subject-matter of Mr. Mark's motion.

---

[1]   *See Terry v. Jones*, 2007 WL 962916 (W.D. Okla. Mar. 30, 2007) (unpublished order) (denying a motion for a preliminary injunction on grounds that the claimant had failed to establish a relationship between preliminary relief and the claims in the underlying petition); *accord Stewart v. United States Immigration & Naturalization Service*, 762 F.2d 193, 198-99 (2d Cir. 1985) (holding that the district court lacked jurisdiction to issue a preliminary injunction because the movant had "present[ed] issues which [were] entirely different from those which [had been] alleged in his original complaint"); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action"); *Alabama v. United States Army Corps of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("injunctive relief must relate in some fashion to the relief requested in the complaint" (citation omitted)).

Approximately two months after the filing of the complaint, authorities transferred Mr. Mark to Davis Correctional Facility.  Defendants Jackson, Roof, Kilbury, Warren, and Lee have no apparent authority to rectify the alleged conditions at Davis.[2]  Accordingly, the Court should deny the motions for a temporary restraining order and preliminary injunction (Docs. 59, 62).

Mr. Mark has the right to object to this report and recommendation.  *See* 28 U.S.C.A. § 636(b)(1) (2011 supp.).  Any objection must be filed with the Court Clerk for the United States District Court.  *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999).  The deadline for objection is April 26, 2012.  *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (2011 supp.).  The failure to timely object to this report would preclude appellate review of the suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The referral has not been discharged.

Entered this 9th day of April, 2012.

Robert E. Bacharach
United States Magistrate Judge

---

[2]     Mike Jackson is no longer employed by the Department of Corrections.  Ms. Roof and Dr. Kilbury are employed at the Cimarron Correctional Facility.  Glenda Lee is the medical administrator at the Joseph Harp Correctional Center.  And Wade Warren's employment status is unknown.