IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TONY GLEN MARK,                    )
                                   )
           Plaintiff,              )
                                   )
v.                                 )     Case No. CIV-11-426-M
                                   )
DR. MIKE JACKSON, M.D., *et al.*,  )
                                   )
           Defendants.             )

## REPORT AND RECOMMENDATION

Mr. Tony Mark has sued Dr. Mike Jackson, and he has filed a motion to dismiss. The motion should be granted.

### Background

The Plaintiff has sued Dr. Jackson in his official capacity as medical director of the Department of Corrections ("DOC"). Civil Rights Complaint Pursuant to 42 U.S.C. Sect. 1983 (Apr. 19, 2011). Dr. Jackson has filed a motion to dismiss based on Eleventh Amendment immunity and timeliness. Defendant, Dr. Mike Jackson's, Motion to Dismiss at pp. 3-6 (Mar. 6, 2012). On the issue of timeliness, the Court converted the argument to one for summary judgment. Order (Mar. 7, 2012).

Mr. Mark objects to the motion, arguing:

- it should be dismissed because Dr. Jackson's attorney has not filed an entry of appearance on his client's behalf,

- amendment of the complaint should be allowed for assertion of a personal capacity claim against Dr. Jackson, and

- the action is not time-barred because the wrongs allegedly committed by Dr. Jackson are continuing.

Objection to Defendant Jackson's Motion to Dismiss at pp. 1-4 (Mar. 20, 2012).  The Plaintiff's arguments are not persuasive.

## Lack of an Entry of Appearance

The Plaintiff objects to the dispositive motion on grounds that it was filed by M. Daniel Weitman, who has not entered an appearance for Dr. Jackson.  Objection to Defendant Jackson's Motion to Dismiss at p. 1 (Mar. 20, 2012).  Mr. Weitman has entered an appearance for Glenda Lee, but not Mike Jackson.  The omission arguably violates Local Civil Rule 83.4, which requires the filing of an entry of appearance for each party.[1]  Local Civil Rule 83.4.  However, the omission would not justify disregard for the dispositive motion.

## Eleventh Amendment Immunity

The application of Eleventh Amendment immunity must begin with interpretation of the complaint.  Dr. Jackson states that he is being sued in his official capacity for damages.  Based on this interpretation, Dr. Jackson argues that he enjoys immunity under the Eleventh Amendment.  He is correct.

Mr. Mark did not state in the complaint whether he was suing Dr. Jackson in his personal or official capacity.  Thus, the Court asked Mr. Mark his intention.  Order (May 20,

---

[1]      The local rule does not state a deadline for the entry of appearance.  The Court can assume *arguendo* that Mr. Weitman should have already entered an appearance for Dr. Jackson.

2011).  He answered unequivocally, stating that he wished to sue Dr. Jackson in his official capacity for money damages.  Response to Order by Robert E. Bacharach, United State Magistrate Judge on the 20th Day of May, 2011 (June 3, 2011).  Based on this answer, the Court stated that it was amending the caption in part to specify that the claim against Dr. Jackson involved his "official capacity for the Oklahoma Department of Corrections." Order Requiring Service and Special Report at pp. 1-2 (June 6, 2011).

Mr. Mark states that he is a layman and asks the Court to overlook the official-capacity designation on the basis of "excusable neglect."  Objection to Defendant Jackson's Motion to Dismiss at p. 1 (Mar. 20, 2012); *see infra* p. 4.  Mr. Mark's *pro se* status does justify liberal construction of the complaint.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  But, the Court cannot rewrite Mr. Mark's pleadings in a way that contradicts his stated intention.[2]  Recognizing Mr. Mark's *pro se* status, the Court sought to ensure that it knew his intention.  Thus, the Court asked Mr. Mark and he answered. Response to Order by Robert E. Bacharach, United State Magistrate Judge on the 20th Day of May, 2011 (June 3, 2011).  The Court cannot go back in time and disregard Mr. Mark's clarification of his intent.

---

[2]     *See United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007) (although the court can construe a *pro se* motion to conform to a procedural rule, it cannot rewrite the petition to include claims that had not been asserted).

With Mr. Mark's clarification of his intent to sue Dr. Jackson in his official capacity, the Court must assess his argument based on the Eleventh Amendment. As the Plaintiff suggests, this argument is "technically correct." Objection to Defendant Jackson's Motion to Dismiss at p. 1 (Mar. 20, 2012); *see supra* p. 3.

The Eleventh Amendment prevents an award of money damages when the defendant is a state official being sued in his official capacity.[3] Thus, in his official capacity, Dr. Jackson enjoys immunity under the Eleventh Amendment on the official capacity claims for damages. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 120 (1984).

<u>Futility of Amendment</u>

With Eleventh Amendment immunity, the action against Dr. Jackson would terminate. In the body of his objection, however, the Plaintiff seeks leave to amend the complaint to include a claim against Dr. Jackson in his personal capacity. Objection to Defendant Jackson's Motion to Dismiss at p. 2 (Mar. 20, 2012). If the amendment were allowed, the Eleventh Amendment would not affect the personal capacity claim and the action would survive. *See supra* p. 4.

The pleading defect is potentially curable and Mr. Mark is appearing *pro se*. As a result, amendment would ordinarily be permissible to include a personal capacity claim against Dr. Jackson. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). However, amendment would be futile here because a personal capacity claim against Dr.

---

[3]     *See, e.g., Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1196 (10th Cir. 1998) (stating that Eleventh Amendment immunity covers an official capacity suit for damages against a state official).

Jackson would be time-barred. *See Bradley v. Val-Mejias*, 379 F.3d 892, 900-901 (10th Cir. 2004) (stating that the court may deny leave to amend the complaint when the amendment would be futile).

The proposed personal capacity claim would arise under 42 U.S.C. § 1983. For this claim, a two-year period of limitations exists. *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988) (two-year limitations period for Section 1983 claims arising in Oklahoma).

Mr. Mark filed the complaint on April 19, 2011. Even if an amendment related back to the original complaint,[4] any cause of action against Dr. Jackson must have accrued since April 19, 2009. The proposed cause of action against Dr. Jackson cold not have accrued by April 19, 2009, because by then he had already left DOC employment.

According to an affidavit submitted in connection with the dispositive motion, Dr. Jackson terminated employment with the DOC on October 16, 2008. Defendant, Dr. Mike Jackson's Motion to Dismiss, Attachment 1 (Mar. 6, 2012). In response to the summary judgment motion, Mr. Mark failed to present any contrary evidence. Because Mr. Mark sued Dr. Jackson purely in his role as the DOC medical director, his alleged wrongdoing could not have taken place after October 16, 2008.

Mr. Mark argues that the constitutional "violation" had continued even though Dr. Jackson was no longer employed by the DOC. This argument is based on allegations that Dr. Jackson had:

---

[4]      *See* F. R. Civ. P. 15(c)(1).

- authored the allegedly deficient policy which mandated guidelines for treatment of Hepatitis C and

- committed deliberate indifference in denying Mr. Mark proper medical care.

Objection to Defendant Jackson's Motion to Dismiss at pp. 2-3 (Mar. 20, 2012).  According to the Plaintiff, he continues to suffer from the physician's actions.  This argument is invalid as a matter of law.

The "continuing violation" doctrine allows "a Title VII plaintiff to challenge incidents that occurred outside the statutory time limitations . . . if such incidents are sufficiently related and thereby constitute a continuing pattern of discrimination."  *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (citation omitted).  Even if this doctrine were applicable, it would not salvage the cause of action against Dr. Jackson.

"The continuing violation doctrine permits a court to look backwards to the entirety of a continuing wrong to assess its cumulative effect, so long as an injurious act falls within the statute of limitations period."  *Burkley v. Correctional Healthcare Management of Oklahoma, Inc.*, 141 Fed. Appx. 714, 716 (10th Cir. July 8, 2005) (unpublished op.) (citations omitted).  But the theory is based on continuation of the "unlawful acts" rather than "continual ill effects from the original violation." *Parkhurst v. Lampert*, 264 Fed. Appx. 748, 749 (10th Cir. Feb. 12, 2008) (unpublished op.) (citation omitted).

The Plaintiff has alleged actions against Dr. Jackson during his capacity as medical director for the DOC.  *See supra* pp. 2-3, 5.  That employment ended in October 2008.  *See supra* p. 5.  Thus, the "continuing violation" doctrine would not support postponement of the

limitations period after October 2008 even if Mr. Mark had continued to suffer from Dr. Jackson's prior misdeeds.

In a surreply, Mr. Mark alleges that the wrongdoing continued after 2008. Traverse to Dr. Jackson's Reply at p. 1 (Apr. 3, 2012). This allegation would not support extension of the limitations period. One can assume that continuing wrongdoing by Dr. Jackson would extend the limitations period for a claim against him. But the Plaintiff has not suggested wrongdoing by Dr. Jackson after his termination of employment in 2008. Instead, Mr. Mark alleges continued wrongdoing by other defendants. Their subsequent misdeeds cannot serve as a basis to delay accrual of the cause of action against Dr. Jackson.[5]

Under these circumstances, an amendment to include a personal capacity claim against Mr. Mark would be futile because it would be too late.

## Recommendation

The Court should grant Dr. Jackson's motion to dismiss and disallow amendment of the complaint to assert a personal capacity claim.

## Notice of Right to Object

The parties can object to this report and recommendation. To object, the party must file an objection with the Clerk of this Court by April 27, 2012. *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1) (2011 supp.). The failure to timely object

---

[5] *See*, *e.g.*, *Makedwde Publishing Co. v. Johnson*, 37 F.3d 180, 182-83 (5th Cir. 1994) (holding that the limitations period was not extended by the continuing tort theory because the defendant was liable only for his own acts even though others' misconduct had allegedly continued).

would foreclose appellate review of the suggested rulings.  *See Moore v. United States*, 950

F.2d 656, 659 (10th Cir. 1991).

Docketing Instructions

The referral is not discharged.

Entered this 10th day of April, 2012.


_Robert E. Bacharach_

Robert E. Bacharach
United States Magistrate Judge