IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TONY GLEN MARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-426-M |
| | ) | |
| DR. MIKE JACKSON, M.D., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Mr. Mark has sued Glenda Lee in her official capacity for money damages,[1] and she

moves for dismissal based on the expiration of the statute of limitations.[2] The motion should

be granted.[3]

### The Plaintiff's Claims Against Glenda Lee

The claims against Glenda Lee are based solely on Ms. Lee's actions while she was

employed as the Joseph Harp Correctional Center ("JHCC") Medical Administrator between

---

[1]     Civil Rights Complaint Pursuant to 42 U.S.C. Sect. 1983 at p. 7 (Apr. 19, 2011)
("Complaint"); *see* Response to Order by Robert E. Bacharach, United State Magistrate Judge on
the 20th Day of May, 2011 (June 3, 2011) (stating that the Plaintiff had intended to sue the
Department of Corrections employees in their official capacities for money damages); *see also* Enter
Order (Aug. 8, 2011) (substituting Glenda Lee for Jane Doe).

[2]     Defendant, Glenda Lee's, Motion to Dismiss (Jan. 18, 2012).

[3]     The damage suit against Ms. Lee in her official capacity could implicate the Eleventh
Amendment. *See, e.g.*, *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1196 (10th Cir.
1998) ("the Eleventh Amendment bars federal court jurisdiction over . . . a state official acting in
her official capacity in a suit for damages"). But Ms. Lee has not urged immunity under the
Eleventh Amendment and the Court need not consider her potential immunity. *See Nelson v.
Geringer*, 295 F.3d 1082, 1098 n.16 (10th Cir. 2002) ("[J]udicial consideration of Eleventh
Amendment issues sua sponte is discretionary, not mandatory." (citations omitted)).

2002 and 2006.  According to the complaint, Ms. Lee conspired with Ms. Robin Roof to transfer Mr. Mark to a facility where he would be denied Interferon treatment for Hepatitis C.[4]  The claim against Ms. Lee is time-barred.

The Test for Dismissal

Timeliness constitutes an affirmative defense.[5]  Nonetheless, "[i]f the allegations [in the complaint] . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ."[6]  On this issue, the Plaintiff bears the burden to establish "a factual basis for tolling" "when the dates given in the complaint make clear that the right sued upon has been extinguished."[7]

Timing of the Alleged Wrongs and the Filing of the Complaint

According to the complaint, Ms. Lee's wrongdoing took place during the course of her employment as medical administrator of the JHCC from 2002 to 2006.[8]  According to the Plaintiff, Ms. Lee conspired to order a transfer to Cimarron Correctional Facility, where he

---

[4]     Complaint at p. 7.

[5]     *See* Fed. R. Civ. P. 8(c)(1); *see also Youren v. Tintic School District*, 343 F.3d 1296, 1303 (10th Cir. 2003) (holding that the statute of limitations is an affirmative defense).

[6]     *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Rigsbee v. Oklahoma Department of Human Services*, 2007 WL 49091, Westlaw op. at 1 n.6 (W.D. Okla. Jan. 4, 2007) (unpublished op.) ("When a complaint shows that the claims are time-barred, dismissal for failure to state a valid claim is appropriate." (citation omitted)).

[7]     *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (citations omitted).

[8]     Complaint at p. 7; *see supra* pp. 1-2.

was denied proper medical care.[9]  Mr. Mark does not contend that Ms. Lee had committed any other action after the transfer to Cimarron Correctional Facility in 2006.[10]  Thus, none of the alleged wrongs by Ms. Lee could have taken place after 2006.  Nonetheless, Mr. Mark waited until April 19, 2011, to file the complaint.

## The Limitations Period

Mr. Mark's allegations against Ms. Lee arise under 42 U.S.C. § 1983.  This claim would trigger a limitations period of two years.[11]

## No "Continuing Violation"

In an effort to avoid the time-bar, Mr. Mark urges a "continuing violation." According to the Plaintiff, he is still not receiving proper medical care for his Hepatitis C because of "an ongoing systemic policy and practice of deliberate indifference."[12]  This argument is invalid as a matter of law.

The "continuing violation" doctrine allows "a Title VII plaintiff to challenge incidents that occurred outside the statutory time limitations . . . if such incidents are sufficiently

---

[9]      Complaint at p. 7.

[10]      Complaint, *passim*.

[11]      *See* Okla Stat. tit. 12 § 95(A)(3) (2011); *see also Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988) (two-year limitations period for Section 1983 claims arising in Oklahoma).

[12]      Objection to Defendant Lee's Motion to Dismiss at pp. 2-3 (Jan. 27, 2012).

related and thereby constitute a continuing pattern of discrimination."[13] Even if this doctrine were applicable, it would not salvage the cause of action against Ms. Lee.

"The continuing violation doctrine permits a court to look backwards to the entirety of a continuing wrong to assess its cumulative effect, so long as an injurious act falls within the statute of limitations period."[14] But the theory is based on continuation of the "unlawful acts" rather than "continual ill effects from the original violation."[15]

The Plaintiff has alleged a discrete act by Ms. Lee:  conspiracy to transfer him to a facility where he would be denied medical care.[16]   According to the Plaintiff, he was transferred in June 2006, nearly five years before he filed his lawsuit.[17]  There is no other allegation of wrongdoing by Ms. Lee.   Thus, the "continuing violation" doctrine would not support postponement of the limitations period after 2006 even if Mr. Mark had continued to suffer from Ms. Lee's prior misdeeds.

In a surreply, Mr. Mark alleges that the wrongdoing continued after his transfer in 2006 and that the defendants had conspired to conceal their misdeeds.[18]  These allegations would not support extension of the limitations period.

---

[13]   *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (citation omitted).

[14]   *Burkley v. Correctional Healthcare Management of Oklahoma, Inc.*, 141 Fed. Appx. 714, 716 (10th Cir. July 8, 2005) (unpublished op.) (citations omitted).

[15]   *Parkhurst v. Lampert*, 264 Fed. Appx. 748, 749 (10th Cir. Feb. 12, 2008) (unpublished op.) (citation omitted).

[16]   *See supra* pp. 2-3.

[17]   *See* Complaint at p. 8 (transfer); *supra* p. 3 (filing of the complaint).

[18]   Motion for Leave to Respond to Glenda Lee's Reply to Plaintiff's Response, *passim* (Feb. 15, 2012); *see* Enter Order (Feb. 16, 2012) (granting leave for the surreply).

One can assume that continued wrongdoing by Ms. Lee would extend the limitations period for a claim against her.  But the Plaintiff has not suggested wrongdoing by Ms. Lee after 2006.  Instead, Mr. Mark alleges continued wrongdoing by other defendants.  Their subsequent misdeeds cannot serve as a basis to delay accrual of a cause of action against Ms. Lee.[19]  And characterization as a conspiracy would not affect the start-date of the limitations period for a discrete action by Ms. Lee.[20]

## No "Legal Disability"

Mr. Mark alleges that he is working under a "legal disability" because:

- his imprisonment prevented access to a law library or other legal assistance and

- his awareness regarding the severity of his medical condition did not become apparent until after the statute of limitations had expired.[21]

The allegation concerning a legal disability is invalid.

---

[19]     *See, e.g., Makedwde Publishing Co. v. Johnson*, 37 F.3d 180, 182-83 (5th Cir. 1994) (holding that the limitations period was not extended by the continuing tort theory because the defendant was liable only for his own acts even though others' misconduct had allegedly continued).

[20]     One federal appeals court explained:

> Characterizing defendants' separate wrongful acts as having been committed in furtherance of a conspiracy or as "a single series of interlocking events" does not postpone accrual of claims based on individual wrongful acts.  The crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action.  To permit him to wait and toll the running of the statute simply by asserting that a series of separate wrongs were committed pursuant to a conspiracy would be to enable him to defeat the purpose of the time-bar, which is to preclude the resuscitation of stale claims.

*Singleton v. New York*, 632 F.2d 185, 192 (2d Cir. 1980).

[21]     Objection to Defendant Lee's Motion to Dismiss at p. 3 (Jan. 27, 2012).

Under Oklahoma law, tolling may be available if the claimant had a "legal disability" when the cause of action accrued.[22]   In Oklahoma, the term "legal disability" refers to incompetency or status as a minor.[23]   Under this definition, prisoner status or ignorance of a claim would not constitute a "legal disability."[24]

## Recommended Ruling

The action against Defendant Glenda Lee should be dismissed for failure to state a valid claim.

## Notice of Right to Object

The parties can object to this report and recommendation.  To object, the party must file an objection with the Clerk of the United States District Court, Western District of

---

[22]     Okla. Stat. tit. 12 § 96 (2011).

[23]     *See Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004) (stating that Oklahoma courts have applied Okla. Stat. tit. 12 § 96 "only for plaintiffs whose competency is impaired or who have not reached the age of majority" (citations omitted)).

[24]     *See Oklahoma v. Seven Hundred Twenty Five Dollars*, 136 P.3d 1076, 1079-80 (Okla. Ct. App. 2006) (rejecting the plaintiff's argument that incarceration constitutes a "legal disability" under Okla. Stat. tit. 12 § 96 because prisoner status differs from "other time-honored legal disabilities such as minority or mental incapacity"); *Ames v. Oklahoma*, 158 Fed. Appx. 114, 117 (10th Cir. Dec. 7, 2005) (unpublished op.) (rejecting a claim, based on Oklahoma law, "that incarceration amounts to a 'legal disability'").

Oklahoma by April 30, 2012.[25]  The failure to timely object would foreclose appellate review of the suggested ruling.[26]

Status of the Referral

The referral is not discharged.

Entered this 12th day of April, 2012.

*Robert E. Bacharach*

Robert E. Bacharach
United States Magistrate Judge

---

[25]   *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2); 28 U.S.C.A.  § 636(b)(1) (2011 supp.).

[26]   *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).